NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30051 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-02130-LRS-1 |
| v. | |
| ANDREW ZACK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted February 8, 2013
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Andrew Zack appeals his conviction for being a felon in possession of a

firearm. Officers executed a warrantless arrest of Zack at his mother's home after

a witness reported that Zack, high on methamphetamine, had pointed a loaded gun

at the witness, threatened to shoot the witness and asked the witness to shoot Zack.

After arresting Zack, the officers obtained consent from Zack's mother, searched

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the home and recovered the weapon that forms the basis of the felon-in-possession charge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      We reject Zack's argument that the officers lacked probable cause to arrest him. Although the arresting officers relied on only one witness, they interviewed the witness twice and could have reasonably determined that he was reliable based on both his demeanor and his admission, against his penal interest, that he had been smoking methamphetamine with Zack. *See United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (holding that reliability "may be demonstrated . . . by admission against penal interest" (alteration in original) (quoting *United States v. Bishop*, 264 F.3d 919, 925 (9th Cir. 2001))).

2.      We reject Zack's argument that there were no exigent circumstances justifying a warrantless arrest. The officers believed Zack to be suicidal, potentially violent, under the influence of methamphetamine and in possession of multiple firearms. In light of these circumstances, the officers reasonably believed immediate action was required to prevent Zack from harming himself or others. *See United States v. Al-Azzawy*, 784 F.2d 890, 894 (9th Cir. 1985) ("[I]f the officers reasonably believed that appellee possessed illegal explosives and was in an agitated and violent state, there was a sufficiently substantial risk to human life to justify a warrantless arrest."). The officers reasonably determined from the

2

witness' demeanor that he had reported Zack's behavior immediately. They acted promptly after receiving the report, waiting only for backup and for a supervisor to question the witness. The risk that Zack would harm himself or others had therefore not dissipated by the time of Zack's arrest.

**3.** Zack's mother voluntarily consented to a search of her house. The district court was justified in crediting the officers' version of events over Zack's mother's. Crediting that version, the mother's consent was voluntary because she was not in custody, guns were not drawn and the officers did not tell her that failure to consent would be futile. *See United States v. Brown*, 563 F.3d 410, 415-16 (9th Cir. 2009) (holding that consent was voluntary based on the presence of these factors).

**4.** We decline to consider Zack's argument that the officers exceeded the scope of the consent because Zack did not raise it before the district court and to do so now would prejudice the government. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1086 (9th Cir. 2006) ("The decision to consider an issue not raised below is discretionary, and such an issue should not be decided if it would prejudice the other party." (quoting *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996))).

**AFFIRMED.**

3